COPY FOR RECORD OF PINE TREE LEGAL ASSISTANCE

| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, SS. | SUPERIOR COURT<br>CIVIL ACTION<br>Docket No. PORSC-CV-24-____ |

TYSHIEM BROWN, of Portland, County )
of Cumberland, State of Maine, )
  )
v. )
  )
THE TOWN OF SCARBOROUGH, of )
Scarborough, County of Cumberland, State )
of Maine, )
  )
NEXGEN HOSPITALITY INC. (d/b/a )
Comfort Inn & Suites of Scarborough), of )
Scarborough, County of Cumberland, State )
of Maine, )
  )  COMPLAINT
JATT ESTATES, LLC (d/b/a Comfort Inn )
& Suites Scarborough Portland), of )
Scarborough, County of Cumberland, State )
of Maine, )
  )
INSTA CHOICE, LLC, of Scarborough, )
County of Cumberland, State of Maine, )
  )
AND )
  )
CHOICE HOTELS INTERNATIONAL, )
INC, County of Montgomery, State of )
Maryland. )

## COMPLAINT (INJUNCTIVE RELIEF REQUESTED)

NOW COMES the Plaintiff, Tyshiem Brown, and complains against the Town of

Scarborough, Nexgen Hospitality Inc. (d/b/a Comfort Inn & Suites of Scarborough), Jatt Estates,

LLC (d/b/a Comfort Inn & Suites Scarborough Portland), Insta Choice, LLC, and Choice Hotels

International, Inc. [1] (hereinafter collectively "Defendants") as follows:

---

[1] Nexgen Hospitality Inc. (d/b/a Comfort Inn & Suites of Scarborough), Jatt Estates, LLC (d/b/a Comfort Inn & Suites Scarborough Portland), Insta Choice, LLC, and Choice Hotels International, Inc. are collectively referred to as the "Comfort Inn & Suites" hereafter.

## INTRODUCTION

1. This is an action for declaratory and injunctive relief and damages to redress the deprivation of certain civil rights secured by the Maine Human Rights Act (hereinafter, the "MHRA"), 5 M.R.S. §§ 4551, *et seq.*, the federal Fair Housing Act (hereinafter, the "FHA") 42 U.S.C. §§ 3601 *et seq.*, the Maine Constitution, the United States Constitution, and other federal, state, and common laws.

2. Plaintiff Tyshiem Brown brings this action to redress housing discrimination by Defendants. Specifically, Plaintiff Tyshiem Brown alleges that Defendants subjected Tyshiem Brown to discrimination on the basis of race, color, and/or the receipt of public assistance benefits (source of income) when they treated him differently in the terms and conditions of his tenancy by otherwise making housing unavailable; on the basis of race, color, and/or the receipt of public assistance benefits (source of income) when their actions perpetuated segregation; when their actions created a disparate impact on Tyshiem Brown based on the basis of race, color, and/or the receipt of public assistance benefits (source of income); and on the basis of race, color, and/or his receipt of public assistance benefits (source of income) when they failed to take steps to affirmatively further fair housing.

3. Plaintiff Tyshiem Brown brings this action to redress negligence by Defendants on the basis of race, color, and/or his receipt of public assistance benefits (source of income).

4. Plaintiff Tyshiem Brown brings this action to redress the violation of his constitutional rights to due process and equal protection of the law by the Town of Scarborough when they singled out his housing provider for adverse differential treatment to similarly situated providers without a rational basis and in an arbitrary and unreasonable manner.

2

## JURISDICTION

5.   This Court has jurisdiction over this action pursuant to 4 M.R.S. § 105, 5 M.R.S.

§4613(1), and 5 M.R.S. §4621, and pursuant to 42 U.S.C. §§ 1983, 3613(1), and 3613(2).

## Parties

6. At all times relevant to this Complaint, Tyshiem Brown resided in Scarborough, South

Portland, and/or Portland, County of Cumberland, State of Maine.

7. At all times relevant to this Complaint, the Town of Scarborough is a municipality.

The Town of Scarborough's office is located in the Town of Scarborough, County of

Cumberland, State of Maine.

8. At all times relevant to this Complaint, Nexgen Hospitality Inc. (d/b/a Comfort Inn &

Suites of Scarborough) is a business located in Scarborough, County of Cumberland, State of

Maine.

9. At all times relevant to this Complaint, Jatt Estates, LLC (d/b/a Comfort Inn & Suites

Scarborough Portland) is a business located in Scarborough, County of Cumberland, State of

Maine.

10. At all times relevant to this Complaint, Insta Choice, LLC is a business located in

Scarborough, County of Cumberland, State of Maine.

11.      At all times relevant to this Complaint, Choice Hotels International, Inc. is a

Delaware corporation with a principal place of business in North Bethesda, State of Maryland

doing business in the State of Maine with a service address in Augusta, County of Kennebec,

State of Maine.

## FACTUAL BACKGROUND

12.   Tyshiem Brown is Black and African American.

13. From 2015 to September 2021 and then from July 5, 2023 to present, Tyshiem Brown was unhoused.

14. From 2015 to September 2023 Tyshiem Brown had no income. There was one period of time Tyshiem Brown was employed for seven or eight months in this time range.

15. From September 2021 to July 5, 2023, Tyshiem Brown received public assistance benefits in the form of Emergency Rental Assistance ("ERA"), to pay his rent.

16. The ERA funds were paid by a local non-profit agency, The Opportunity Alliance ("TOA"), that administered those funds.

17. From September 2021 to mid-February 2023, Tyshiem Brown resided in Scarborough at the Comfort Inn & Suites located at 329 United States Route 1, Scarborough, Maine (the "Premises"). Tyshiem Brown had no other place of residence during this time.

18. The Comfort Inn & Suites is a motel.

19. From September 2021 to mid-February 2023, Tyshiem Brown rented a room from the Comfort Inn & Suites using ERA funds.

20. From January 13, 2015 to present, the Premises was owned by Nexgen Hospitality Inc. (d/b/a Comfort Inn & Suites of Scarborough) and/or Insta Choice, LLC.

21. From January 2015 to present, the Premises were operated by Nexgen Hospitality Inc. (d/b/a Comfort Inn & Suites of Scarborough), Jatt Estates, LLC (d/b/a Comfort Inn & Suites Scarborough Portland), and/or Choice Hotels International, Inc.

22. Tyshiem Brown used the room as his primary residence and intended as his housing.

23. Upon information and belief, from September 2021 to April 2023, the Comfort Inn & Suites rented only to individuals who received ERA funds and who were otherwise homeless and/or unhoused.

4

24. At one point during Tyshiem Brown's tenancy, the Comfort Inn & Suites housed 45 households with 78 individuals. At that time:

    a. Approximately 45 of the 78 individuals identified as White.

    b. Approximately 14 of the 78 individuals identified as Black/African American.

    c. Approximately 4 of 78 individuals identified as Other/Multi-racial.

    d. Approximately 2 of 78 individuals identified as Asian.

    e. Approximately 1 of 78 individuals identified as American Indian, Alsakan Native and White.

    f. Approximately 12 of 78 individuals' race was unreported.

25. Approximately 1.4% of the individuals residing in Maine identify their race and ethnicity as Non-Hispanic Black or African American alone. *See* United States Census Bureau data for 2017-2021 Exhibit A.

26. Approximately 2.1% of the individuals residing in the Portland-South Portland, Maine Metropolitan Area identify their race and ethnicity as Non-Hispanic Black or African American alone. *Id.*

27. From 2017-2021 the Non-Hispanic Black and/or African American population of the Town of Scarborough was approximately 0.2%. *Id.*

28. On January 5, 2022, 34.6% of the individuals experiencing homeless in the State of Maine identified as Black or African American. *See* 2022 Maine State Housing Authority Point in Time Homeless Data Exhibit B.

29. 45 of Scarborough's 20,032 white residents were unhoused and living at the Comfort Inn, a rate of 0.0022, while 14 of Scarborough's 54 Black or African American residents were

unhoused and living at the Comfort Inn, a rate of 0.2593. Black and African American individuals residing in Scarborough have an approximately 115 times greater likelihood than white residents of Scarborough of being unhoused and living at the Comfort Inn and thus also a 115 times greater likelihood than white residents of Scarborough of being adversely affected by the Defendants' actions and/or decisions.

30. Black and African American Scarborough residents are overrepresented among those who experienced homelessness and resided at the Comfort Inn. The share of unhoused individuals at the Comfort Inn who are Black and African American (17.9%) is roughly 73 times the percentage of Scarborough residents who are Black and African American (0.3%). White Scarborough residents are underrepresented among those who experienced homelessness and resided at the Comfort Inn. The share of unhoused individuals at the Comfort Inn who are white (57.7%) is 0.63 times the percentage of Scarborough residents who are white (91.7%).

31. The Town of Scarborough has a substantially lower share of residents who identify as Black or African American than the surrounding Cumberland, Sagadahoc, and York County metropolitan area to which it belongs. Roughly 2.1% of the metropolitan area is Black or African American but only 0.2% of Scarborough. By displacing roughly one quarter of Scarborough's Black residents, the enforcement of this policy further reduces the Town of Scarborough's already small Black population and encourages segregation in the region.

32. TOA documented that 17.9% of the individuals experiencing homelessness at the Comfort Inn & Suites identified as Black or African American.

33. As a municipality, the Town of Scarborough plans, creates, and enforces local ordinances related to land use that affect its residents.

6

34. Upon information and belief, the Town of Scarborough receives federal funds in the form of Community Block and Development Grants, the purpose of which is to provide "decent housing and a suitable living environment" and expand economic opportunities for low- and moderate-income persons.[2]

35. The Town of Scarborough issues annual licenses for motels to do business in the municipality. The renewal process is generally a routine act by the Town Clerk.

36. If renewal licenses are received on or before May 31st of the calendar year, the existing license stays in effect until final action on the renewal process. Renewal is done in the same manner as for new licenses, except a public hearing is not required. The renewal is granted if the Town Clerk is satisfied that all that the renewal application meets all requirements of the applicable ordinance. If the Town Clerk is not satisfied that with the application, a referral is made to the Town Council to process the application as if it were for a new license to do business.

37. In May of 2022, the Town of Scarborough required some motels and hotels to go through a public hearing for their annual renewal based on a perception of increased emergency services calls. Upon information and belief, the emergency services calls received by the Town of Scarborough were not substantially different than past years.

38. The Comfort Inn & Suites was one of several Scarborough area motels or hotels that were affected by this action. However, upon information and belief, it was the only motel or hotel that failed to obtain license renewal at the public hearing on or about May 18, 2022.

---

[2] https://www.hud.gov/program_offices/comm_planning/cdbg

39. The Town of Scarborough held multiple town council meetings with public commentary about the renewal of the Comfort Inn & Suites license to do business and tabled the license approval vote several times.

40. Despite evidence from the Police Chief, the Fire Chief, the director of the ERA program, and the Comfort Inn & Suites security guard that community concerns and motel policy violations were being adequately addressed, the Town of Scarborough continued to insist that the Comfort Inn & Suites agree to the following requirements for license renewal:

    a. Continuous on-site security in a form that is satisfactory to the Police Chief;

    b. Hiring an on-site licensed Social Services Coordinator who is available Monday through Friday, 8 hours per day; and

    c. Agreement that the license can be brought for a suspension or revocation hearing at the sole discretion of the Police Chief and Fire Chief if they agree that the Premises is generating calls that cause unreasonable or undue burden on public safety.

41. At the Town Council meetings, statements were made by members of the public about concerns related to safety generally in the area, including statements that are based on stereotypes based on race, color, and low-income individuals (often those who are recipient of public assistance benefits).

42. After months of unsuccessfully trying to appease the council and obtain a renewal without so many requirements, on or about September 21, 2022 the Comfort Inn & Suites proposed a Transition Plan ("Transition Plan"), whereby they would no longer rent to tenants paying with ERA funds for extended lodging and would evict all current tenants.

8

43. The Town of Scarborough's Town Council then voted to renew the Comfort Inn & Suites innkeeper's license with conditions, including compliance with the Transition Plan as follows:

    a.  The Comfort Inn & Suites had to provide updates to the Town of Scarborough regarding progress on the Transition Plan; and

    b.  The Town Manager could schedule a Revocation Hearing on the Comfort Inn & Suites innkeepers license if the Comfort Inn & Suites did not fully implement the Transition Plan by January 1, 2023.

44. Upon information and belief, Comfort Inn & Suites and the Town of Scarborough did not discuss alternative measures, such as evicting only the tenants who were violating the motel's policies and/or creating the need for undue emergency services calls.

45. Defendants did not take any less discriminatory steps to achieve their goals.

46. Upon information and belief, Comfort Inn & Suites agreed to evict their tenants because of the Town of Scarborough's actions causing fear of losing their business license.

47. Upon information and belief, the other hotels and motels located in the Town of Scarborough that had been providing temporary shelter to homeless people receiving ERA funds stopped providing shelter to those residents because of the Town's actions and/or decisions.

48. On or about November 2022, Tyshiem Brown was served with a notice to quit.

49. Tyshiem Brown was qualified to continue to rent and receive rental assistance pursuant to the ERA program.

50. On or about December 2022, Comfort Inn & Suites filed a forcible entry and detainer action against Tyshiem Brown and pursued that action in court.

51.  On or about February 2023, Tyshiem Brown was removed from his housing at the Comfort Inn & Suites.

52.  The Town of Scarborough's zoning ordinances prohibit camping or temporary shelters unless repair work is being made to a residential home and the resident resides on that property.

53.  The Town of Scarborough's zoning ordinances prohibit the construction of a shelter for its residents experiencing homelessness.

54.  Tyshiem Brown could not camp in Scarborough.

55.  There was no homeless shelter or any other temporary lodging for Tyshiem Brown to relocate to in Scarborough.

56.  The average rent in Scarborough in 2023 was approximately $1,900 per month, with no apartments available for under $1,000 per month.

57.  Tyshiem Brown was unable to find housing using ERA funds in Scarborough.

58.  Based on the lack of affordable housing, shelter, temporary lodging, or camping Tyshiem Brown was not able to remain in Scarborough.

59.  Tyshiem Brown remains unhoused.

60.  Upon information and belief, Defendants failed to:

   a.  Hire persons who were familiar with the requirements of federal and state housing laws including fair housing and landlord tenant laws;

   b.  Train themselves, and their agents, employees, and representatives, regarding the requirements of federal and state housing laws including fair housing and landlord tenant laws;

10

    c.   Supervise their agents, employees, and representatives regarding compliance with the requirements of federal and state fair housing laws; and

    d.   Supervise their agents, employees, and representatives regarding compliance with the requirements of federal and state housing laws, specifically Maine landlord tenant law, 14 M.R.S. 6001 *et seq.*

61. The actions of Defendants, including, but not limited to, their attempt to evict him, made housing unavailable to Tyshiem Brown in violation of the MHRA and FHA.

62. Defendants, in making housing unavailable, caused discriminatory effects, including disparate impact and perpetuation of segregation, towards Tyshiem Brown.

63. The Town of Scarborough failed to provide due process and equal protection to Tyshiem Brown in the exercise of their municipal powers and authority.

64. Defendants' actions violated federal, state, and common law.

65. Defendants were negligent towards Tyshiem Brown.

## COUNT I:  HOUSING DISCRIMINATION ON THE BASIS OF RACE, COLOR, AND/OR RECEIPT OF PUBLIC ASSISTANCE BENEFITS IN VIOLATION OF THE MAINE HUMAN RIGHTS ACT: MAKING HOUSING UNAVAILABLE

66. Tyshiem Brown realleges and incorporates by reference each paragraph previously alleged in this complaint.

67. The MHRA makes it unlawful to evict, attempt to evict, or otherwise deny or withhold housing from an individual on the basis of race, color, and/or receipt of public assistance benefits.

68. Defendants served Tyshiem Brown with eviction notices based on race, color, and/or receipt of public assistance benefits.

69. Defendants made housing unavailable to Tyshiem Brown based on race, color, and/or receipt of public assistance benefits.

70. Defendants denied Tyshiem Brown housing in violation of the MHRA.

## COUNT II: HOUSING DISCRIMINATION ON THE BASIS OF RACE AND/OR COLOR IN VIOLATION OF THE FEDERAL FAIR HOUSING ACT (FHA): MAKING HOUSING UNAVAILABLE

71. Tyshiem Brown realleges and incorporates by reference each paragraph previously alleged in this complaint.

72. The FHA makes it unlawful to evict, attempt to evict, or otherwise deny or withhold housing from an individual on the basis of race and/or color. 42 U.S.C. § 3604 (a).

73. Defendants served Tyshiem Brown with eviction notices based on race and/or color.

74. Defendants made housing unavailable to Tyshiem Brown based on race and/or color.

75. Defendants denied Tyshiem Brown housing in violation of the FHA.

## COUNT III: HOUSING DISCRIMINATION BASED ON RACE, COLOR, AND/OR THE RECEIPT OF PUBLIC ASSISTANCE BENEFITS IN VIOLATION OF THE MAINE HUMAN RIGHTS ACT: PERPETUATION OF SEGREGATION

76. Tyshiem Brown realleges and incorporates by reference each paragraph previously alleged in this complaint.

77. Defendants made housing-related decisions, the policy harmed African Americans, Black Americans, and/or recipients of public assistance benefits more than European Americans, White Americans, and/or non-recipients of public assistance benefits; and this disparity was caused by the Defendants' policy.

78. Defendants' zoning ordinances harmed African Americans, Black Americans, and/or recipients of public assistance benefits more than European Americans, White Americans, and/or

12

non-recipients of public assistance benefits; and this disparity was caused by the Defendants'

policy.

79.   Defendants' actions perpetuated the segregation of the Town of Scarborough and

caused harm to Tyshiem Brown based on his race, color, and/or receipt of public assistance

benefits.

## COUNT IV:  HOUSING DISCRIMINATION BASED ON RACE AND/OR COLOR IN VIOLATION OF THE FEDERAL FAIR HOSUING ACT: PERPETUATION OF SEGREGATION

80.   Tyshiem Brown realleges and incorporates by reference each paragraph previously

alleged in this complaint.

81.   Defendants made housing-related decisions, the policy harmed African and/or Black

Americans more than European and/or White Americans; and this disparity was caused by the

Defendants' policy.

82.   Defendants' zoning ordinances harmed African and/or Black Americans more than

European and/or White Americans; and this disparity was caused by the Defendants' policy.

83.   Defendants' actions perpetuated the segregation of the Town of Scarborough and

caused harm to Tyshiem Brown based on his race and/or color.

## COUNT V:  HOUSING DISCRIMINATION BASED ON RACE, COLOR, AND/OR THE RECEIPT OF PUBLIC ASSISTANCE BENEFITS IN VIOLATION OF THE MAINE HUMAN RIGHTS ACT: DISPARATE IMPACT

84.   Tyshiem Brown realleges and incorporates by reference each paragraph previously

alleged in this complaint.

85.   Defendants' policy caused a disparate impact on Tyshiem Brown based on his race,

color, and/or receipt of public assistance benefits.

13

86. Defendants followed a policy in making housing-related decisions, the policy harmed African Americans, Black Americans, and/or recipients of public assistance benefits more than European Americans, White Americans, and/or non-recipients of public assistance benefits; and this disparity was caused by the Defendants' policy.

87. Defendants did not take any less discriminatory steps to achieve their goals.

## COUNT VI:  HOUSING DISCRIMINATION BASED ON RACE AND/OR COLOR IN VIOLATION OF THE FEDERAL FAIR HOSUING ACT: DISPARATE IMPACT

88. Tyshiem Brown realleges and incorporates by reference each paragraph previously alleged in this complaint.

89. Defendant's housing-related decisions caused a disparate impact on Tyshiem Brown based on his race and/or color.

90. Defendants followed a policy in making housing-related decisions, the policy harmed African and/or Black Americans more than European and/or White Americans; and this disparity was caused by the Defendants' policy.

91. Defendants did not take any less discriminatory steps to achieve their goals.

92. Defendants' actions injured Tyshiem Brown.

## COUNT VII:  HOUSING DISCRIMINATION BASED ON RACE, COLOR, AND/OR THE RECEIPT OF PUBLIC ASSISTANCE BENEFITS IN VIOLATION OF STATE LAW: AFFIRMATIVELY FURTHERING FAIR HOUSING

93. Tyshiem Brown realleges and incorporates by reference each paragraph previously alleged in this complaint.

94. State law requires that Defendant Town of Scarborough ensures "that ordinances and regulations are designed to affirmatively further the purposes of the federal Fair Housing Act, 42 United States Code, Chapter 45, as amended, and the Maine Human Rights Act to achieve the statewide or regional housing production goal." 30-A M.R.S. § 4364-C (1).

14

95. Defendant Town of Scarborough's actions violated state law when its actions discriminated against Tyshiem Brown based on his race, color, and/or receipt of public assistance benefits in violation of the MHRA and FHA.

96. Defendants' actions injured Tyshiem Brown.

## COUNT VIII: NEGLIGENCE

97. Tyshiem Brown realleges and incorporates by reference each paragraph previously alleged in this complaint.

98. Defendants owed Tyshiem Brown a duty to operate the rental premises in a manner that is free from unlawful discrimination and to hire, train, supervise, and discipline their employees and train themselves to fulfill that duty. Defendants negligently violated that duty by discriminating against African Americans because of their race and/or color. Defendants negligently violated that duty by discriminating against individuals who are recipients of public assistance benefits because of their receipt of public assistance benefits. Defendants' violation of that duty was the result of negligence, including but not limited to:

    a. Defendants' negligent failure to hire persons who were familiar with the requirements of federal and state fair housing laws;

    b. Defendants' negligent failure to train themselves and their agents, employees, and representatives regarding the requirements of federal and state fair housing laws; and

    c. Defendants' negligent failure to supervise their agents, employees, and representatives regarding compliance with the requirements of federal and state fair housing laws.

99. As a legal result of defendants' negligent conduct, Tyshiem Brown has suffered loss of an important housing opportunity, violation of his civil rights, humiliation, and physical and emotional distress.

## COUNT IX: VIOLATION OF THE DUE PROCESS CLAUSE OF THE MAINE CONSTITUTION

100. Tyshiem Brown realleges and incorporates by reference each paragraph previously alleged in this complaint.

101. The Maine Constitution provides that no person shall be denied life, liberty, or property without due process of law. Me. Const. art. I, § 6-A.

102. The Town of Scarborough's actions in enforcing its licensing laws in an arbitrary and unreasonable manner violated Tyshiem Brown's right to due process.

103. Tyshiem Brown was injured by Defendants' action.

## COUNT X: VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE MAINE CONSTITUTION

104. Tyshiem Brown realleges and incorporates by reference each paragraph previously alleged in this complaint.

105. The Maine Constitution provides the right for equal protection under the law. Me. Const. art. I, § 6-A.

106. The Town of Scarborough's actions violated Tyshiem Brown's right to equal protection by applying licensing and land use laws differently based on the economic or housing status of people trying access shelter and housing.

107. Tyshiem Brown was injured by Defendants' action.

## COUNT XI: VIOLATION OF CIVIL RIGHTS CLAUSE OF THE MAINE CONSTITUTION

16

108. Tyshiem Brown realleges and incorporates by reference each paragraph previously alleged in this complaint.

109. The Maine Constitution provides the right to be free from discrimination under the law. Me. Const. art. I, § 6-A.

110. Defendants' actions violated Tyshiem Brown's rights to be free from discrimination as described above.

111. Tyshiem Brown was injured by Defendants' action.

## COUNT XII: VIOLATION OF THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION

112. Tyshiem Brown realleges and incorporates by reference each paragraph previously alleged in this complaint.

113. The United States Constitution provides that no person shall be denied life, liberty, or property without due process of law. U.S. Const. amend. art. XIV, § 1, *et seq.*

114. The Town of Scarborough's actions in enforcing its licensing laws in an arbitrary and unreasonable manner violated Tyshiem Brown's right to due process.

115. Tyshiem Brown was injured by Defendants' action.

## COUNT XIII: VIOLATION OF THE EQUAL PROTECTION CLAUSE U.S. CONSTITUTION

116. Tyshiem Brown realleges and incorporates by reference each paragraph previously alleged in this complaint.

117. The United States Constitution provides the right for equal protection under the law. U.S. Const. amend. art. XIV, § 1, *et seq.*

17

118. The Town of Scarborough's actions violated Tyshiem Brown's right to equal protection by applying licensing and land use laws differently based on the economic or housing status of people trying access shelter and housing.

119. Tyshiem Brown was injured by Defendants' action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tyshiem Brown, respectfully request that the Court enter judgment in his favor, and award the following relief pursuant to 5 M.R.S. § 4613(2), 42 U.S.C. § 3613, and other federal, state, and common law:

(A)     A declaratory judgment that Defendants conduct violated the provisions of the applicable federal and state fair housing laws;

(B)     A declaratory judgment that Defendants conduct violated the due process and equal protection clauses of Constitution of Maine and the U.S. Constitution;

(C)     A permanent injunction prohibiting Defendants from discriminating against any individual in housing and requiring Defendants to attend training on fair housing;

(D)     A permanent injunction prohibiting the Town of Scarborough from subjecting land uses and business licenses related to shelter, lodging, and housing from adverse differential treatment based on the economic or housing status of its residents;

(E)     A permanent injunction prohibiting the Town of Scarborough from enacting and enforcing licensing requirements in an arbitrary manner;

(F)     Payment by Defendants to Tyshiem Brown of compensatory and punitive damages pursuant to 5 M.R.S. § 4613(2)(B)(9) and 42 U.S.C. § 3613;

(G)     Payment of Tyshiem Brown's attorney's fees and costs pursuant to 5 M.R.S. § 4614 and 42 U.S.C. § 3613; and

    (H)    Awards and such other relief as the Court may deem appropriate.


Dated:  September 16, 2024


Alice A. Neal, Maine Bar No. 004161
Counsel for Tyshiem Brown
Pine Tree Legal Assistance, Inc.
P.O. Box 2429
Augusta ME 04338-2429
Tel:  (207) 622-4731, ext. 2214
Fax:  (207) 623-7774
aneal@ptla.org


Dated:  September 16, 2024


Frank D'Alessandro, Maine Bar No. 003243
Counsel for Tyshiem Brown
Maine Equal Justice
126 Sewall Street
Augusta, ME 04330
Tel:  (207) 626-7058, ext. 202
Fax:  (207) 828-2300
frank@mejp.org

19